## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| BART BLEDSOE, BILL KENYON, and the SHEET METAL WORKERS NATIONAL HEALTH FUND, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | NO. 3:25-cv-00105 |
| ENGINEERED SERVICES CO-OPERATIVE, LLC and RICHARD PARSONS, | ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER

Pending before the Court is the Motion for Preliminary Injunction and to Waive Security by Bart Bledsoe and Bill Kenyon ("Trustees"), and Sheet Metal Workers National Health Fund ("Plaintiff Fund"). (Doc. No. 17). On May 6, 2025, the clerk issued an Entry of Default Against Engineered Services Co-Operative, LLC ("Defendant") and Richard Parsons ("Parsons"). To date neither Defendant has responded to the motion, notwithstanding the Order giving them a deadline to do so. (Doc. No. 20). The Court having considered the motion and the entire record in this matter makes the following findings of facts and conclusions of law.

The Declaration of Kimberly Reynolds, under penalty of perjury, 28 U.S.C. § 1746, establishes that: Plaintiff Fund is a multiemployer employee welfare benefit plan as that term is defined in ERISA at 29 U.S.C. §1002 (2)(1); Defendant is a party to a collective bargaining requiring the payment of contributions to Plaintiff Fund and is an employer as that term is defined in ERISA at 29 U.S.C. 1002(5); Parsons is an owner of Defendant. Under the collective bargaining agreement, Defendant and Parsons are obligated to send Plaintiff Fund a

1

monthly payroll report with details about the hours of work and wages of its employees. The report is to be accompanied with payment of contributions.

This case was filed pursuant to 29 U.S.C. § 1145, that was added to ERISA in 1980 due to the Congressional recognition that employers' delinquencies in making required contributions in a timely fashion impose a variety of costs to health and pension plans, including the loss of funds to pay benefits, interest income, additional administrative expenses, attorney's fees and other legal costs, and also the possibility that employees may not receive health or pension benefits[1].

Plaintiff Fund's motion for a preliminary injunction requires weighing the interests of Plaintiff Fund, Defendant, and Parsons applying four factors: (1) whether there is a strong or substantial likelihood of Plaintiff Fund's success on the merits; (2) whether an injunction will save Plaintiff Fund from irreparable injury; (3) whether an injunction will harm others, including Defendant and Parsons; and (4) the impact the Court's ruling will have upon the public interest. Dayton Area Visually Impaired Persons, Inc. v. Fischer, 70 F.3d 1474, 1480 (6th Cir.) cert. den. 517 U.S. 1135 (1996). These factors are to be balanced and do not receive rigid application or an assignment of equal weight. (Id).

Because uncontested facts in the Reynolds declaration establish Defendant and Parsons violated 29 U.S.C. § 1145, there is a strong or substantial likelihood of Plaintiff Fund's success on the merits. Issuance of the injunction will likely save Plaintiff Fund from irreparable injury, because as the Reynolds declaration reveals that absent the payment of contributions, employees of Defendant and Parsons may not receive benefits. Issuance of the injunction will not harm others, because Defendant and Parsons will merely be required to conform their conduct to §515 of

---

[1] Senate Committee on Labor and Human Resources, S1076 - The Multiemployer Pension Plan Act Amendments of 1980, Summary and Analysis of Consideration 96th Cong., 2d Sess. at 43-4 (Comm. Print, 1980).

2

ERISA. The public interest embodied in §515 of ERISA will be served by issuance of the injunction.

Accordingly, pursuant to Fed. R. Civ. P. 65(a) the Court **GRANTS** the motion for a preliminary injunction hearing and hereby enjoins the Defendant and Parsons requiring the timely future payment of contributions and submission of all monthly payroll reports, as required under 29 U.S.C. § 1145. All payments presently owing, and all payroll reports presently due shall be submitted to Plaintiff Fund within twenty (20) days of the date of entry of this Order.

Plaintiff Fund has also moved to waive any requirement for security in connection with issuance of the preliminary injunction pursuant to Fed. Civ. R. P. 65(c). The Motion is granted and bond is hereby waived.

The Clerk is directed to send a copy of this order to Engineered Services Co-Operative, LLC, and Richard Parsons, 316 Angel Lane, Ringold, Georgia 30736.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR
UNITED STATES DISTRICT JUDGE