IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| **BART BLEDSOE** *et al.* ) | |
| ) | Case No. 3:25-cv-00105 |
| **v.** ) | |
| ) | |
| **ENGINEERED SERVICES** ) | |
| **CO-OPERATIVE, LLC** *et al.* ) | |

To:     Honorable Waverly D. Crenshaw, Jr., United States District Judge

## REPORT AND RECOMMENDATION

Pending before the Court is the unopposed motion of Plaintiffs Bart Bledsoe, Bill Kenyon, and Sheet Metal Workers National Health Fund's motion for default judgment against Defendants Engineered Services Co-Operative, LLC and Richard Parsons. (Docket No. 22.) This motion was referred to the undersigned Magistrate Judge "for a Report and Recommendation." (Docket No. 27.) The undersigned has reviewed and considered the motion, memorandum, and declarations filed in support of the motion. For the reasons stated below, the undersigned finds that this matter can be resolved without hearing and respectfully recommends that Plaintiffs' motion for default judgment (Docket No. 22) be **GRANTED**.

### I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In their complaint, Plaintiffs – two trustees of an employee health plan fund and the fund itself – seek to recover "employer contributions" owed by Defendants – a company and its owner. (Docket No. 1.) Plaintiffs make their claims pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.*, ("ERISA"). (*Id.*) In their complaint, Plaintiffs allege as follows:

The fund is an "employee health plan" and is primarily funded by contributions from participating employers pursuant to a collective bargaining agreement and trust agreement. (*Id.* at

¶ 4.) Engineered Services was a party to that collective bargaining agreement and was obligated under the trust agreement to make contributions to the fund on behalf of employees performing covered work. (*Id.* at ¶ 5.) Specifically, Engineered Services was required to provide a report that identified covered employees and the weeks they worked, and was then required to make prompt contributions to the fund based on that report. (*Id.* at ¶¶ 7, 8.) According to written procedures, if Engineered Services did not make the required contributions, entry of judgment would be authorized, which could include "the greater of a doubling of the interest or liquidated damages based upon unpaid contributions in the amount of twenty percent (20%)." (*Id.* at ¶ 8.) At some point, Engineered Services failed to submit reports or pay contributions and interest. (*Id.* at ¶ 10.) Instead, Engineered Services and Parsons, who is an "ERISA fiduciary," used those contributions to pay creditors. (*Id.* at ¶ 11.) Accordingly, Defendants owe both an outstanding principal amount and interest to the fund. (*Id.* at ¶ 12.)

Based on these allegations, Plaintiffs ask the Court for the following relief: (1) a permanent injunction enjoining Defendants from violating certain provisions of ERISA, the collective bargaining agreement, and the trust agreement; (2) judgment in Plaintiffs' favor for "all contributions that are owed as of the date of the judgment plus the greater of double interest or single interest plus liquidated damages, and all attorney fees and costs incurred in connection with this action."; and (3) any other relief that the Court deems proper. (*Id.* at 4.)

On March 17, 2025, Plaintiffs filed a motion for entry of default against both Defendants. (Docket No. 12.) On May 6, 2025, the Court granted Plaintiffs' motion. (Docket No. 16.) As reflected in the record, on February 4, 2025, a private process server personally served process upon Parsons, individually, and as the registered agent for Engineered Services. (Docket Nos. 10–11). To-date, Defendants have not responded to or otherwise defended this action. Further, attorney

R. Jan Jennings declared that Parsons is not a minor, incompetent, or an active member of the military. (Docket No. 13 at ¶ 5.) Jennings relied on a declaration from Jennifer Hollifield, the private process server who served Parsons with a copy of the summons and complaint. (Docket Nos. 11-1.) In her declaration, Hollifield stated that she asked Parsons if he was an active member of the armed forces under a call to active duty or eligible to be called for active duty and Parsons responded that she was not. (*Id.*) Accordingly, the Court entered default against both Defendants.

Plaintiffs then moved for a preliminary injunction, which was accompanied by a declaration from Kimberly Reynolds. (Docket Nos. 17, 19.) Defendants did not respond to the motion. The Court granted the motion and found as follows:

> Because uncontested facts in the Reynolds declaration establish Defendant and Parsons violated 29 U.S.C. § 1145, there is a strong or substantial likelihood of Plaintiff Fund's success on the merits. Issuance of the injunction will likely save Plaintiff Fund from irreparable injury, because as the Reynolds declaration reveals that absent the payment of contributions, employees of Defendant and Parsons may not receive benefits. Issuance of the injunction will not harm others, because Defendant and Parsons will merely be required to conform their conduct to §515 of ERISA. The public interest embodied in §515 of ERISA will be served by issuance of the injunction.

(Docket No. 21 at 2–3.) The Court enjoined Defendants; required "the timely future payment of contributions and submission of all monthly payroll reports" from Defendants; and ordered Defendants to pay the outstanding contributions and provide the outstanding payroll reports within twenty (20) days of entry of the order. (*Id.* at 3.)

Now, Plaintiffs seek default judgment against Defendants and ask the Court to: (i) enter judgment against Defendants for $6,736.05, plus attorney's fees and costs of $5,095.00; and (ii) convert the preliminary injunction into a permanent one. (Docket No. 22.) Plaintiffs served Defendants with a copy of the motion for default judgment. (*Id.* at 2.) Defendants have failed to respond.

## II.     LEGAL STANDARDS AND ANALYSIS

The decision to grant a default judgment is within the sound discretion of district court. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995). Under Rule 55(b)(2), a court may enter a default judgment if that court has jurisdiction, and the movant has met certain procedural requirements. *Id.* at 108–09. For a court to grant a motion for default judgment, the complaint must state a claim upon which relief can be granted. *Allstate Life Ins. Co. of New York v. Tyler-Howard*, No. 3:19-cv-00276, 2019 WL 4963230 at *1 (M.D. Tenn. Oct. 8, 2019) (internal citations omitted). Once default has been entered against a party under Rule 55, the defaulting party is deemed to have admitted all the well-pleaded factual allegations in the complaint regarding liability, including any jurisdictional averments. *Visioneering Constr. v. U.S. Fid. & Guar.*, 661 F.2d 119, 124 (6th Cir. 1981); *Antoine*, 66 F.3d at 110–11.

Here, due to Defendants' defaults, the Court is entitled to accept as true the well-pleaded factual allegations of the complaint. *I Love Juice Bar Franchising, LLC v. ILJB Charlotte Juice, LLC*, No. 3:19-cv-00981, 2020 WL 4735031, at *3 (M.D. Tenn. Aug. 14, 2020) (citing *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009)). Even without this admission, the Court finds that jurisdiction is properly asserted over Defendants here pursuant to 29 U.S.C. § 1132(e)(1). Further, based on the allegations set forth in the complaint, which are set out above, Plaintiffs plausibly claim that Defendants violated Section 515 of ERISA, 29 U.S.C. § 1145, by failing to make the contributions required by the applicable collective bargaining agreement. Based on these violations, Plaintiffs are entitled to recover owed delinquent contributions, liquated damages, equitable relief, and reasonable attorney's fees and costs. *See* 29 U.S.C. §§ 1132(g), 1145.

To determine damages, the trial court can, but is not required to, hold an evidentiary hearing. "[A] hearing is not necessarily required if the moving party submits uncontested, sworn

affidavits sufficient to establish the amount of damages." *Broad. Music, Inc. v. Marler*, No. 1:09-cv-193, 2009 WL 3785878, at *5 (E.D. Tenn. Nov. 12, 2009). *See also* Fed. R. Civ. P. 55(b)(2)(A) (district court "may conduct hearings . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter"); *Vesligaj*, 331 F. App'x at 354.

First, Plaintiffs seek $6,736.05 in monetary damages, which is comprised of unpaid contributions of $6,438.27 and late charges and interest of $297.78. In support of this request, Plaintiffs provided a declaration from Kimberly Reynolds, an employee of a company that provides administrative services to Plaintiffs. (Docket No. 24.) In her declaration, Reynolds states that Defendants failed to submit employee work reports and contributions for work performed in September, October, and November 2024, and that the average amount of contribution submitted from May to August 2024 was $2,146.09. (*Id.* at ¶ 2.) Accordingly, taking the average monthly contribution of $2,146.09 and multiplying it by three for the three months of missed contributions, Reynolds states that Defendants owe $6,438.27 in unpaid contributions. Reynolds also states that Defendants did not timely submit contributions for August 2024 and incurred a late charge and interest of $297.78. (*Id.*) These are sums certain under Rule 55(b) and are recoverable under ERISA.

Next, Plaintiffs seek attorney's fees and expenses of $5,095.00. If an employer is found liable under ERISA, as is the case here, the Court "*shall* award the plan . . . reasonable attorney's fees and costs of the action, to be paid by the defendant[.]" 29 U.S.C. § 1132(g)(2)(D) (emphasis added). In ERISA cases, "[i]t is well settled that the 'lodestar' approach is the proper method for determining the amount of reasonable attorneys' fees." *Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995) (citations omitted). "In

applying the lodestar approach, '[t]he most useful starting point . . . is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "The party seeking attorney['s] fees bears the burden of documenting his entitlement to the award." *Reed v. Rhodes*, 179 F.3d 453, 472 (6th Cir. 1999) (citing *Webb v. Dyer County Bd. of Educ.*, 471 U.S. 234, 242 (1985)).

In support of their request, Plaintiffs provided a declaration from attorney R. Jan Jennings (Docket No. 25) and itemized billing records and time entries (Docket No. 25-1). According to the declaration and the billing records, Plaintiffs' counsel billed $5,095.00 for services in connection with this litigation, which consists of 2.9 attorney hours at $425.00 per hour, 26.9 paralegal hours at $100.00 per hour, and $587.50 in expenses. The Court finds that 29.8 hours is a reasonable amount of time to have worked on this litigation, particularly when the majority of the hours were spent by paralegals, there were no objections to the fees, and there were no unsuccessful claims. *See Kemp v. Carson Corp.*, No. 3:20-CV-00043, 2020 WL 5912815, at *1 (M.D. Tenn. Oct. 6, 2020) (Crenshaw, J.) (finding 37.9 hours to be a reasonable amount of time spent on a similar lawsuit). The Court also finds that the rates of $425.00 and $100.00 are reasonable hourly rates. *See id.* at *2 (finding $450.00, $325.00, and $100.00 to be reasonable hourly rates in a similar lawsuit with the same attorneys). The Court also finds that Plaintiffs' requested expenses of $587.50, which consists of a filing fee and costs related to service of process, are reasonable. *See id.* (finding $580.00 in unreimbursed litigation expenses to be reasonable in a similar lawsuit).

Finally, Plaintiffs ask the Court to convert the preliminary injunction into a permanent one. "The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court[.]" *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). The standard for a permanent injunction is essentially the same as for a preliminary injunction except that the plaintiff

must show an "actual success" on the merits rather than a "likelihood" of success. *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n.12 (1987). In his order, Judge Crenshaw considered the entire record in this matter and concluded that Plaintiffs are entitled to injunctive relief. (Docket No. 21.) Judge Crenshaw also found that the uncontested facts in a declaration from Kimberly Reynolds established that Defendants violated 29 U.S.C. § 1145, meaning that Plaintiffs have shown an "actual success" on the merits. (*Id.* at 2.) These facts remain uncontested because Defendants never opposed Plaintiffs' motion for a preliminary injunction or the Court's order granting it. Accordingly, the Court Plaintiffs' request to convert the preliminary injunction into a permanent injunction is properly granted.

### III. RECOMMENDATION

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1. Plaintiffs Bart Bledsoe, Bill Kenyon, and Sheet Metal Workers National Health Fund's unopposed motion for default judgment against Defendants Engineered Services Co-Operative, LLC and Richard Parsons (Docket No. 22) be **GRANTED**.

2. Plaintiffs be awarded damages of **$11,831.05** assessed against Defendants Engineered Services Co-Operative, LLC and Richard Parsons, individually and jointly and severally, comprised of unpaid contributions, late charges, and interest of $6,736.05, and attorney's fees and expenses of $5,095.00.

3. The preliminary injunction, as detailed in the Court's order located at Docket Entry No. 21, be converted into a permanent injunction.

4. A **FINAL JUDGMENT** be entered in this action in accordance with Federal Rule of Civil Procedure 58.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Fed. R. of Civ. P. 72(b)(2), Local R. 72.02(b). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Fed. R. Civ. P. 72(b)(2), Local R. 72.02(b).

The Clerk of Court is **DIRECTED** to send a copy of this Report and Recommendation to:

Engineered Services Co-Operative, LLC
c/o Richard Parsons, Owner
316 Angel Lane
Ringgold, Georgia 30736

Richard Parsons
316 Angel Lane
Ringgold, Georgia 30736

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge

8

Case 3:25-cv-00105   Document 28   Filed 09/02/25   Page 8 of 8 PageID #: 93